UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ANTONIO LEE O'BANNON                                     PLAINTIFF

v.                                  CIVIL ACTION NO. 3:24CV-P573-JHM

K.C.P.C. *et al.*                                               DEFENDANTS

### MEMORANDUM OPINION

Plaintiff Antonio Lee O'Bannon, proceeding *in forma pauperis*, initiated this *pro se* 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, Plaintiff's claims will be dismissed.

### I. FACTUAL ALLEGATIONS

Plaintiff names Defendants as the Kentucky Correctional Psychiatric Center (KCPC) and "202C." Plaintiff states as follows:

> The 202C program and K.C.P.C. is violating the ADA, by involuntarily committing me to K.C.P.C. under a law called the 202C. Located on the grounds of Luther Luckett Correctional Complex behind a prison fence, K.C.P.C. is a maximum security mental health facility with 23 hour a day lock down on the mental patients. And the commitment order has no terms of years or expiration date. But do[es] require review hearings at certain times. The review hearings are setup like jury trials with a jury.
>
> The 202C program illegally have mentally ill patients going in front of a bench trial where the Commonwealth Attorney presents evidence in front of a jury.

As relief, Plaintiff requests compensatory and punitive damages and release.

## II. STANDARD

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III.  ANALYSIS

#### *A. Defendant 202C*

Plaintiff names "202C" as a Defendant and refers to 202C as a law.  The Court understands 202C to be "KRS Chapter 202C[] [which] codif[ies] the [involuntary] commitment process" in Kentucky.  *M.L.S. v. Edwards*, No. 2022-SC-0365-MR, 2023 Ky. Unpub. LEXIS 35, at *1 (Ky. June 15, 2023) (footnote omitted).  Plaintiff cannot name a statute as a Defendant, and this claim will be dismissed for failure to state a claim upon which relief may be granted.

#### *B. Defendant KCPC*

A state agency, such as KCPC, is not a "person[]" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Additionally, the Eleventh Amendment acts as a bar to all claims for relief against the KCPC.  A state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment, or Congress has overridden it.  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119-24 (1984); *Alabama v. Pugh*, 438 U.S. 781, 781-82 (1978).  In enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states.  *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).  "KCPC's operations fall under the auspices and authority of the Commonwealth of Kentucky's Cabinet for Health and Family Services . . . [and], as a division of the Commonwealth of Kentucky's Cabinet for Health and Family Services, [] KCPC is entitled to . . . immunity from suit and Eleventh Amendment protection from § 1983 claims[.]"  *Burnett v. Ky. Corr. Psychiatric Ctr.*, No. 0:16-CV-117-HRW, 2016 U.S. Dist. LEXIS 158741, *5-6 (E.D. Ky. Nov. 15, 2016).

Accordingly, Plaintiff's claim against KCPC will be dismissed for failure to state a claim and for seeking monetary relief from a defendant immune from such relief.

### C. Challenge to confinement

Moreover, even if the complaint were not subject to dismissal for the above reasons, Plaintiff's challenge to his confinement is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* at 486. The Supreme Court stated as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87 (internal footnote omitted).

In *Edwards v. Balisok*, 520 U.S. 641, 646 (1997), the Supreme Court extended *Heck* to civil rights actions that do not directly challenge confinement but dispute procedures which necessarily imply unlawful confinement. The Supreme Court has further explained that *Heck* and its progeny dictate that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

In this case, *Heck* bars Plaintiff's claim that his confinement is illegal. *See id*. at 79 ("a § 1983 action will not lie when a state prisoner challenges 'the fact or duration of his confinement'") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Although *Heck* only

4

expressly addressed challenges to criminal convictions and sentences, its standards are applicable to Plaintiff's claim challenging his civil detention. *See Cummins v. Land*, No. 3:21CV556, 2022 U.S. Dist. LEXIS 222190, at *24 (E.D. Va. Dec. 8, 2022). "[G]ranting [Plaintiff] relief based on his current civil detention would necessarily invalidate that detention." *Id.; see also Oskuie v. Yakush*, No. 1:24-cv-0128 JLT BAM (PC), 2024 U.S. Dist. LEXIS 101863, at *4 (E.D. Cal. June 7, 2024) ("*Heck* requires a civilly committed person to invalidate his civil commitment before pursuing a Section 1983 damages claim implying that his commitment is invalid."); *Doherty v. Fraser*, No. 2:16-CV-14039, 2016 U.S. Dist. LEXIS 165711, *2 (E.D. Mich. Dec. 1, 2016) (finding a challenge to confinement upon being found incompetent to stand trial was barred by *Heck*).

Therefore, Plaintiff's challenge to his confinement must be dismissed for failure to state a claim upon which relief may be granted.

### IV.  CONCLUSION

For these reasons, the Court will dismiss the action by separate Order.

Date:  January 16, 2025

*[signature: Joseph H. McKinley]*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
4414.010